# COURT OF APPEALS.

## FRIEND PITTS *et al.* agt. MARY ANN PITTS *et al.*

A wife can only be barred of dower by a *conviction of adultery* in an action for divorce, and by the judgment of the court in such action.

The proof or admission upon the record of adultery, in an action to recover dower, will not defeat the action under the statutes of this state.

A cohabitation by the husband with the wife after the commission of adultery by her, with knowledge of the fact, condones the offense, and is an absolute bar to an action for divorce.

There is no longer a cause of action in the husband, and it necessarily follows that there can be *no conviction* for the adultery. (*This decision affirms that at special term, in this case,* 44 *How. Pr. R.,* 64, *and at general term, id.,* 300.)

THIS is an appeal from an order of the general term, supreme court (*reported in* 44 *Howard P. R.,* 300), affirming an order of the special term (44 *id.,* 64; 13 *Abbt. N. S.,* 272), denying a motion to vacate and set aside an order granted *ex parte,* directing the payment of certain moneys paid into court, being the value of the contingent inchoate right of dower of one of the defendants in the distributive share of her husband, another defendant in this action, which was brought to partition certain real estate in the city of New York.

The husband claimed, first, that his wife had forfeited this money by reason of the referee having found that she had committed an act of adultery, charged in the complaint in an action brought by him against her for an absolute divorce; second, that such finding amounted to a " conviction " within

the meaning of 2 *R. S.*, 146, § 48. Notwithstanding the referee also found that he had voluntarily cohabited with her, with knowledge of the said adultery, and dismissed his complaint and action.

A full statement of the facts in the case appear in the decision rendered at special term, and reported in 44 *Howard P. R.*, 64.

> GARDINER, WARD & WAGSTAFF, *attorneys*, & J. LANGDON WARD, *of counsel, for appellant.*
> RICHARD L'H. FINCH, *for respondent.*

ALLEN, *J.*—A wife can only be barred of dower by a conviction of adultery in an action for a divorce, and by the judgment of the court in such action (2 *R. S.*, 146, § 48; 1 *id.*, 741, § 8). The loss of dower is a part of the penalty for the offense, and follows the judgment. A forfeiture of dower cannot be established by proof of adultery, or by a verdict or judgment in any other action. The proof or admission upon the record of adultery, in an action to recover dower, will not defeat the action under the statutes of this state.

A cohabitation by the husband with the wife after the commission of adultery by her, with knowledge of the fact, condones the offense, and is an absolute bar to an action for a divorce (2 *R. S.*, 145, § 42). There is no longer a cause of action in the husband, and it necessarily follows that there can be no conviction. The parties bear the same relation to each other, and have the same civil rights, as if no offense had ever been committed. An action cannot be maintained merely to establish the fact that an offense has been committed, which has been blotted out and forgiven by the injured party, to establish facts which would have sustained an action, but which has been satisfied or released, and is barred in order that one of the penalties which would follow a conviction may attach to the offending wife. The law does not thus distinguish between and divide the legal consequen-

Pitts agt. Pitts.

ces of the wrongful act of the wife, blotting out the more serious forfeitures of position and the ordinary legal and civil rights of a married woman, but condemning her to the minor forfeiture of dower.

The reasons assigned for the order by judge FANCHER, at special term, and judge INGRAHAM, at the general term of the supreme court, are entirely conclusive, and render a more elaborate discussion of the question unnecessary. The order must be affirmed.

All concur.